```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ANTHONY VALENTE,                                                :
                                                                :
                         Plaintiff,                             :
                                                                :
            -against-                                           :
                                                                :              SUMMARY ORDER
GARRISON FROM HARRISON LLC and                                  :              15-cv-6522 (DLI)(MDG)
JAMES P. BURD,                                                  :
                                                                :
                         Defendants.                            :
----------------------------------------------------------------x
```
**DORA L. IRIZARRY, United States District Judge:**

On November 13, 2015, Defendants Garrison from Harrison LLC ("Garrison") and James P. Burd ("Burd") (collectively, "Defendants") filed a notice removing this action from the Supreme Court of the State of New York, Kings County to this Court (the "Notice," Dkt. Entry No. 1). For the reasons set forth below, this case is remanded to the state court, *sua sponte*.

## BACKGROUND

The Complaint in this matter, originally filed in the state court, alleges that Defendant Burd is employed by Garrison. (Compl. ¶ 7, Dkt. Entry No. 1). On February 3, 2015, in the course of his employment, Burd allegedly operated a "Hino" truck that negligently struck the motor vehicle driven by Plaintiff Anthony Valente ("Plaintiff") near the Verrazano-Narrows Bridge in Richmond County, New York. (*Id.* ¶¶ 8-15.) As a result of the collision, Plaintiff allegedly suffered serious injury. (*Id.* ¶¶ 16-17.)

As set forth in the Notice, Defendants invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the basis for federal subject matter jurisdiction. (Notice ¶ 12.) The Notice alleges that Defendants both are citizens of New Jersey, while Plaintiff is a citizen of New York. (*Id.* ¶¶ 8-10.) With respect to the amount in controversy, the Notice restates an allegation in the

Complaint indicating that Plaintiff seeks damages in an amount that "exceeds the amount recoverable in the lower courts of the City and State of New York." (*Id.* ¶ 5; *see also* Compl. ¶ 25.) Neither the Notice nor the Complaint contains any additional information specifying the amount in controversy. Thus far, Plaintiff has not filed a motion for remand.

## DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Second Circuit has construed this statute as authorizing a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

Here, as in all cases removed to the federal courts, the removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See Lupo v. Human Affairs Intern., Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *In re Fosamax Prods. Liability Litig.*, 2013 WL 603187, at *2 (S.D.N.Y. Feb. 14,

2013) (citing *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir.1991)).

In this case, Defendants fail to meet their burden to show that the $75,000 jurisdictional amount required for diversity jurisdiction has been satisfied, as they rely solely on an allegation in the Complaint indicating that Plaintiff is seeking damages that "exceed[ ] the amount recoverable in the lower courts of the City and State of New York." (Notice ¶ 5; *see also* Compl. ¶ 25.) However, as the Notice explicitly concedes, the Complaint's mention of the "lower courts" is a reference to the lower civil courts of New York, which may not entertain actions seeking to recover more than $25,000, and not a reference to the federal district courts. *See Woodley v. Massachusetts Mut.*, 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008) (remanding case for failure to satisfy jurisdictional amount where defendants relied solely on *ad damnum* clause in complaint stating that plaintiff was seeking damages in excess of the "monetary jurisdiction of all lower [c]ourts") (citing *S.S.I.G. Realty, Inc. v. Bologna Holding Corp.*, 213 A.D.2d 617, 624 (2d Dep't 1995); *see Id.* at *2 n.3 (collecting cases). Furthermore, neither the Complaint nor the Notice contains any further information specifying the nature and extent of Plaintiff's injuries, or the treatment he has received, that would permit this Court to draw a reasonable inference that the amount in controversy requirement has been satisfied.

Accordingly, the Court finds that Defendants' reliance on a bare allegation in the Complaint that Plaintiff seeks damages in an amount that exceeds the jurisdictional limitations of the "lower courts" is insufficient to support the exercise of federal subject matter jurisdiction. Therefore, remand to the state court is proper. *See Id.*

## **CONCLUSION**

For the foregoing reasons, this case is remanded to New York State Supreme Court, Kings County, under Index No. 464469/2015, for lack of federal subject matter jurisdiction.

SO ORDERED

Dated: Brooklyn, New York  
      November 23, 2015

/s/  
Dora L. Irizarry  
United States District Judge