UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ANTHONY VALENTE,                              :
                                              :
                          Plaintiff,          :
                                              :
             -against-                        :
                                              :    **MEMORANDUM & ORDER**
GARRISON FROM HARRISON LLC and                :    15-cv-6522 (DLI)(MDG)
JAMES P. BURD,                                :
                                              :
                          Defendants.         :
                                              :
------------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

On November 13, 2015, Defendants Garrison from Harrison LLC and James P. Burd (collectively, "Defendants") filed a notice (the "Notice") seeking to remove this personal injury action from the Supreme Court of the State of New York, Kings County to this Court. (*See* Notice, Dkt Entry No. 1.) On November 23, 2015, the Court remanded this action to the state court, *sua sponte*, for lack of subject matter jurisdiction (the "First Remand Order"). Presently before the Court is an amended notice (the "Amended Notice"), filed by Defendants two days after the First Remand Order was issued, again seeking to remove the same state court action. (*See* Am. Notice, Dkt. Entry No. 9.) Notwithstanding the Amended Notice, for the reasons that follow, this action is remanded to the state court, *sua sponte*.

## DISCUSSION

The First Remand Order expressly was premised on 28 U.S.C. § 1447(c) ("§1447(c)"), which requires a district court to remand an action to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." Remand pursuant to § 1447(c) is "not reviewable on appeal or otherwise," *see* 28 U.S.C. § 1447(d), a proscription that has been interpreted to bar not only appeal but also reconsideration by the district court. *See*

*Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 311-12 (2d Cir. 2005); *Miles v. Miles*, 2012 WL 3542319, at *1 (E.D.N.Y. Aug. 13, 2012). Accordingly, "[o]nce the district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case." *Miles*, 2012 WL 3542319, at *1 (quoting *Seedman v. U.S. Dist. Ct.*, 837 F.2d 413, 414 (9th Cir. 1988)). While this authority calls into question whether the Court even can consider the Amended Notice, it is the *mailing* of a certified remand order to the state court that establishes "the time at which the district court is divested of jurisdiction." *Shapiro*, 412 F.3d at 312 (quoting *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438 (5th Cir. 2001)). Here, it appears that the Clerk of the Court had not yet mailed the First Remand Order to the state court when Defendants filed the Amended Notice.

Nevertheless, even if considered, the Amended Notice does not alter the Court's previous conclusion that this case must be remanded to the state court for lack of subject matter jurisdiction. A removing defendant invoking federal diversity jurisdiction pursuant to 28 U.S.C. § 1332 ("§ 1332") bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional amount. *See Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994); *see also* 28 U.S.C. § 1446(c)(2)(B). Where, as here, the amount in controversy is not alleged clearly in the underlying complaint, the notice of removal must "allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount." *Lupo*, 28 F.3d at 273-74.

As set forth in the First Remand Order, the Court already determined that the Notice originally filed by Defendants lacked sufficient factual allegations to establish that this action satisfies the amount in controversy requirement of § 1332. Indeed, the only fact alleged in the Notice concerning the amount in controversy was that Plaintiff Anthony Valente ("Plaintiff")

seeks damages that exceed "the amount recoverable in the lower courts of the City and State of New York." (*See* Notice ¶ 5; *see also* Compl. ¶ 25, Dkt. Entry No. 1.) On its face, that allegation fails to establish a basis for jurisdiction pursuant to § 1332 because it merely indicates an amount in controversy in excess of §25,000, which represents the jurisdictional limitation of the lower civil courts of New York. (*See* First Remand Order, at 3.)

Turning to the Amended Notice, the only purportedly additional factual allegation Defendants provide to amplify the amount in controversy is that Plaintiff's counsel declined an agreement to cap Plaintiff's damages at $74,999.99. (Am. Notice ¶ 7.) Notably, this allegation hardly is determinative of the amount in controversy, and, standing alone, is insufficient to establish that the jurisdictional amount required by § 1332 is satisfied. *See Kum v. Walcott*, 2012 WL 4772072, at *1 (E.D.N.Y. Oct. 5, 2012) (mere fact that plaintiff will not stipulate that damages do not exceed $75,000 "does not show, by a preponderance of the evidence, that the amount-in-controversy requirement is satisfied."); *Nogeura v. Bedard*, 2011 WL 5117598, at *2 (E.D.N.Y. Oct. 26, 2011) (an unsigned stipulation, reflecting plaintiff's refusal to stipulate to damages, "is insufficient to establish the amount in controversy required by the removal and diversity statutes."); *Domingue v. Costco Wholesale Corp.*, 2011 WL 4729762, at *1 (E.D.N.Y. Oct. 6, 2011).

Indeed, as other courts have recognized, even a plaintiff who is well aware that the damages recoverable in an action are less than $75,000 may have good reason to resist a stipulation capping damages. *See, e.g., William v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001) ("There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [the removing party's] burden of proof on the jurisdictional [amount].") One obvious example is the plaintiff who decides after removal that

3

he prefers the federal forum, and, therefore, declines to contest the notice of removal as a means of manufacturing jurisdiction by consent. For that very reason, "a refusal to stipulate [to damages] or contest the notice of removal normally should not be accepted by the district court as establishing the jurisdictional amount because that might be viewed as tantamount to allowing the parties to consent to removal jurisdiction." 14AA Wright, Miller, et al., Federal Practice & Procedure § 3702.1 (4th ed.)

Moreover, neither the Notice nor the Amended Notice provides any information concerning the nature and extent of Plaintiff's injuries, the treatment he received, or other losses he conceivably suffered. As such, the Court is left to guess at the amount in controversy based on the Complaint's boilerplate allegations that Plaintiff "sustained severe personal injuries, was rendered sick, sore, lame and disabled, required medical attention, suffered pain, will continue to suffer and will require medical attention in the future." (Compl. ¶ 23.) Such boilerplate pleadings do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction. *See Noguera*, 2011 WL 5117598, at *3 (remanding personal injury action where neither the complaint nor the notice of removal "particularize[d] or amplifie[d] in any way the extent of plaintiff's injuries or damages.") Accordingly, the Court once again concludes that this action must be remanded to the state court.

Finally, the Court notes that where, as here, the initial pleading in a state court action is the basis for removal, the removing party may not amend its notice of removal to correct a substantive defect unless it does so within thirty days of receipt of the state court pleading. *See Briarpatch Ltd., L.P. v. Pate*, 81 F. Supp. 2d 509, 517-18 (S.D.N.Y. 2000) ("A defendant may not amend its notice of removal after this thirty-day period to remedy a substantive defect in the petition."); *Wyant v. Nat'l R.R. Passenger Corp.*, 881 F. Supp. 919, 925 (S.D.N.Y. 1995) ("[A]

4

wholly missing allegation . . . cannot be supplied by amendment after the 30-day period has run.") (quoting *In re CBS Inc.*, 762 F. Supp. 71, 73 (S.D.N.Y. 1991)); *Ryan v. Dow Chem. Co.*, 781 F. Supp. 934, 939-40 (E.D.N.Y. 1992); *see also Yorkshire Pioneer Cent. Sch. Dist. v. Travelers Prop. Cas.*, 2002 WL 31194561, at *1 (W.D.N.Y. Sept. 17, 2002) (denying leave to amend notice of removal after expiration of the thirty-day period). This rule brings the standards governing amendment into line with the time limitations on removal imposed by 28 U.S.C. § 1446(b).

Here, the Court has reason to doubt Defendants' allegation that the Amended Notice was filed within thirty days of service of the Summons and Complaint. (Am. Notice ¶ 8.) To begin with, the Amended Notice is silent as to the specific date when Defendants were served. Moreover, the Summons and Complaint both are dated October 12, 2015, and appear to have been filed in the state court on October 13, 2015. Notably, the Notice originally filed by Defendants is dated November 12, 2015, and states that it was filed within thirty days of service. (Notice ¶ 7.) Given the preceding timeline, it is more likely than not that the Amended Notice, filed on November 25, 2015, was filed more than thirty days after Defendants were served in the state court action. As such, the Amended Notice runs afoul of 28 U.S.C. § 1446(b) unless it merely corrects a technical, rather than substantive, defect in the original Notice, which the Amended Notice here does not. *See Yorkshire Pioneer*, 2002 WL 31194561, at *1; *Briarpatch Ltd.,* 81 F. Supp. 2d at 517-18. Nevertheless, the Court need not decide this question in light of its determination that, even if considered, the Amended Notice does not establish that the amount in controversy required for federal diversity jurisdiction is satisfied in this case.

## **CONCLUSION**

For the foregoing reasons, this case is remanded to New York State Supreme Court, Kings County, under Index No. 512414/2015, for lack of federal subject matter jurisdiction.

SO ORDERED

Dated: Brooklyn, New York
       January 11, 2016

/s/
Dora L. Irizarry
United States District Judge